IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARGARIDA CARTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 17-0630-CV-W-FJG |
| v. ) | |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Pending before the Court is Defendant's Motion to Dismiss Count II (Doc. No. 7).

## I. Background

Plaintiffs Margarida Carter and Donnie Carter bring a three-count petition against Bank of America, N.A. Plaintiffs assert they held credit card accounts with Bank of America, N.A. (BANA). In December 2012 or January 2013, plaintiffs assert they received notice that BANA was releasing the debt and reporting the same to the Internal Revenue Service. Plaintiffs allege they paid taxes that they were obligated to pay as a result of this debt cancellation. They then allege that sometime after May 2015, they discovered that BANA was still reporting the debt to various Credit Reporting Agencies (CRAs) as well as others, and that they filed disputes with the CRAs. They further allege that BANA continued to report the debt in error after their filing of disputes over the debt. Count I of the Complaint asserts a claim for Declaratory and Injunctive Relief under §§ 527.010 and 407.025.1 R.S.Mo. Count II of the Complaint asserts a claim for Violations of § 407.020 R.S.Mo. (the Missouri Merchandising Practices Act, hereinafter "MMPA"). Count III alleges a claim for Negligent and/or Willful Violation of 15 U.S.C. § 1681s-2 (the Fair Credit Reporting Act, hereinafter "FCRA"). Plaintiffs indicate, with respect to Count II of the Petition, that defendant made various inaccurate assertions to Plaintiffs, the IRS, and

plaintiffs' counsel (in addition to CRAs) regarding whether it was continuing to pursue collection efforts. See Petition, paragraphs 9-10, 14-16, 43-45. Plaintiffs assert that under the MMPA, defendant's policies are unconscionable.

Defendant asserts that, under a careful reading of the complaint, all of plaintiffs' claims in Count II are related to defendant's alleged reporting of plaintiffs' debts to credit reporting agencies ("CRAs"), and the FCRA preempts all state law claims related to reports to CRAs. Plaintiffs assert that defendant is too narrowly reading their Complaint.

## II.     Standard

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007)). In order for a claim to survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."' Iqbal, 556 U.S.at 677-678.

## III.    Discussion

Defendant asserts that the only factual allegations in plaintiffs complete relate to inaccurate credit reporting, and therefore plaintiff's claim is preempted by the FCRA. Defendant notes that the FCRA is one of the statutes that "unmistakably" preempts state law. Pursuant to the FCRA: No requirement or prohibition may be imposed under the laws of any State — (1) with respect to any subject matter regulated under... (F) Section 1681s-2 of this title, relating to the responsibilities of Persons who furnish information to consumer reporting agencies, except [for two inapplicable exceptions] …. 15 U.S.C. § 1681t(b)(1)(F). Missouri federal courts have held that MMPA claims regarding furnishing of alleged improper information to the major credit reporting agencies are preempted by the FCRA. See Glanzer v. Bank of Am., N.A., No. 14-0298-CV-W-REL, 2014 WL 6604788

(W.D. Mo. Nov. 20, 2014) (a claim seeking liability under state law for a creditor who supplies inaccurate credit reporting information is preempted by the FCRA); El Bey v. Receivables Performance Mgmt., LLC, No. 14-1820-CV-W-FJG, 2015 WL 196327 at *3 (W.D. Mo. Jan. 15, 2015) (noting that MMPA claims in regard to credit reporting practices would be preempted by the FCRA).

Defendant states that the plaintiffs' Petition is based solely on allegations that defendant reported inaccurate information about plaintiffs' account to CRAs. The Petition alleges that defendant's actions were "unfair and unconscionable" because defendant is "obligated to provide accurate and truthful information to the IRS, Plaintiffs and similarly situated consumers . . .," and that "BoA had sufficient documentation and evidence to know that Plaintiffs did not owe the Debt but BoA decided to continue asserting that Plaintiffs did owe the Debt . . .," and also that BANA's actions "subject[] consumers—like Plaintiffs—to foreseeable, inconsistent adjudications of the status of their debts: the IRS considers the debts waived of canceled, but BoA treats these debts as still owed in some contexts." (Petition, ¶¶ 47–49). Defendant then goes on to note that the only context in which the petition pleads that defendant treats the debts as owed is at paragraphs 15-22, wherein the complaint alleges that defendant continued to report a balance owed on Plaintiffs' account to the CRAs. (See Petition, ¶¶ 15–22). Defendant argues that plaintiffs to not allege that defendant sent collection letters, made phone calls to collect on the debt, or attempted to sell or transfer the debt. Therefore, defendant argues that Count II is preempted by the FCRA and must be dismissed.

In response, plaintiffs argue that the pending motion fails for three reasons: (1) it fails to assume all well-pled facts as true; (2) the Eighth Circuit recognizes that the FCRA does not preempt laws that regulate debt collection (McIvor v. Credit Control Services, Inc., 773 F.3d 909, 914-15 (8th Cir.2014)); and (3) the FCRA allows state actions to

survive a motion to dismiss when plaintiffs (as here) allege malice or willful intent. Glanzer v. Bank of Am., N.A., No. 14-0298-CV-W-REL, 2014 WL 6604788 (W.D. Mo. Nov. 20, 2014). Plaintiffs compare their case to Wenner v. Bank of America, N.A., 637 F.Supp.2d 944 (D. Kan. 2009), wherein the Court found that "To the extent the claim does not rest on the furnishing of information by a bank to a [Credit Reporting Agency], the [state law] claim is not preempted by the FCRA claim. Id. at 956. Here, plaintiffs argue that they have stated in their petition that defendant made reports to parties other than the CRAs, so at the very least, those claims are not preempted by the FCRA. Defendant argues in reply that these claims are pled as legal conclusions rather than facts and the Court should pay no attention to them; however, the Court finds that these allegations should be considered as facts rather than legal conclusions. On this basis, the motion to dismiss should be denied. Similarly, the Court further finds that plaintiffs' petition sufficiently asserts that certain of defendant's communications were related to enforcement of the debt, and intended to induce payment of the debt. Accordingly, the Court finds that the motion to dismiss should be **DENIED**.[1]

**IV. Conclusion**

Therefore, for the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 7) is **DENIED.**

    **IT IS SO ORDERED**.

Date: December 13, 2017      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri      Fernando J. Gaitan, Jr.
     United States District Judge

---

[1] Of course, these issues may be re-argued on summary judgment, where the Court will rely on an evidentiary record rather than factual allegations pled in a petition.

4